## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| ALLSTATE INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12-CV-00178-BCW |
| | ) | |
| LEVINA RICE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are Defendant's Motion for Summary Judgment (Doc. #18) and Plaintiff's Motion for Summary Judgment (Doc. #19). The Court being duly advised of the premises, having reviewed the parties' briefs in this matter, for good cause shown, and for the following reasons, grants Plaintiff's Motion (Doc. #19) and denies Defendant's Motion (Doc. #18).

## BACKGROUND

This suit arose out of a single-car accident that occurred on October 10, 2010. Defendant Rice was injured while riding as a passenger in a 2008 Nissan Altima owned by Sherry and Timothy Underwood. At the time of the accident, Howard Wiebe, a relative to the Underwoods, was driving the vehicle with permission. The car was insured by Allstate Fire and Casualty Insurance Company through an automobile liability policy issued to Sherry and Timothy Underwood. Defendant has recovered damages from the Underwood's automobile liability policy and from Wiebe's Farmers Insurance Company's motor vehicle liability policy. Defendant now seeks to recover damages from the Underwood's Allstate Indemnity Company Personal Umbrella Policy. Plaintiff filed this suit requesting the Court declare Wiebe not an "insured person" under the terms of the Personal Umbrella Policy and to declare Plaintiff has no

1

obligation to provide liability coverage to Howard Wiebe for the car accident that led to Defendant's injuries.

The parties have agreed the Court's determination on the instant dispositive motions will resolve this matter. Plaintiff and Defendant both asserted undisputed or uncontroverted facts. See Docs. #19, #20. The parties dispute the definition of "insured person" under the insurance policies at issue and have each filed motions for summary judgment. The Court must determine if an ambiguity exists regarding the definition of an "insured person," if Howard Wiebe falls under that definition, and thus, which party is entitled to judgment as a matter of law.

Missouri law governs the Court's analysis because the Court applies the substantive law of the forum state in which it sits when jurisdiction, as here, is based on diversity of citizenship. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

## LEGAL STANDARD

Summary judgment shall be granted when the moving party demonstrates there exists no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Summary judgment is not a disfavored procedural shortcut; instead, it is "an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (internal quotation omitted).

## DISCUSSION

General rules for interpreting whether ambiguity exists in contract language are applicable to insurance contracts. Todd v. Mo. United Sch. Ins. Council, 223 S.W.3d 156, 160 (Mo. banc 2007). Determining ambiguity in an insurance policy is a question of law. Id. When construing an insurance policy's terms, the Court "applies the meaning which would be attached by an ordinary person of average understanding if purchasing insurance, and resolves

2

ambiguities in favor of the insured." Ritchie v. Allied Prop. & Cas. Ins. Co., 307 S.W.3d 132, 135 (Mo. banc 2009) (citing Seeck v. Geico Gen. Ins. Co., 212 S.W.3d 129, 132 (Mo. banc 2007)). An insurance policy is designed to furnish protection and will, when reasonably possible, be construed to provide coverage rather than defeat it. Burns v. Smith, 303 S.W.3d 505, 512 (Mo. banc 2010) (citing Farm Bureau Town & Country Ins. Co. of Mo. v. Schmidt, 751 S.W.2d 375, 376 (Mo. banc 1988)).

The Court, when analyzing an insurance contract, must consider the entire policy, not just isolated provisions or clauses. Rice v. Shelter Mut. Ins. Co., 301 S.W.3d 43, 47 (Mo. banc 2009) (internal quotation omitted). Missouri law holds that where there exists a multicoverage policy, each coverage may be analyzed as a separate contract of insurance. See Trabue v. Dwelling House Ins. Co., 121 Mo. 75 (1894) (holding an insurance contract to be divisible to the effect of having two distinct and separate policies regarding coverage of the dwelling house and coverage of personal property). This doctrine has also been applied to support the proposition that coverage against loss from one type of risk is, in effect, a separate contract from coverage against loss from another type of risk. See Consumer's Money Order Corp. of Am., Inc. (Mo.) v. New Hampshire Ins. Co., 386 S.W.2d 674, 677 (Mo. Ct. App. 1964) (discussing the general rule when a policy may be divisible and severable where it covers several different kinds of risks or property at different locations).

The parties present two competing definitions of "insured person." Plaintiff relies upon the definition in the Personal Umbrella Policy issued by Allstate Indemnity Company and Defendant points to the definition in the automobile liability policy issued by Allstate Fire and Casualty Insurance Company. Missouri Courts have found insurance contracts containing different policies to be divisible and severable but here, the Court's analysis need not extend this far.

Two separately incorporated companies are separate and distinct legal entities. See Renaissance Leasing, LLC v. Vermeer Mfg. Co., 322 S.W.3d 112, 125 (Mo. banc 2010) (stating "[e]ach company is a distinct legal entity with the right to own property, sue and be sued, contract, and acquire and transfer property"); Smith v. City of Lee's Summit, 450 S.W.2d 485, 489 (Mo. Ct. App. 1970) (holding the Court was not authorized to disregard the separate corporate and individual entities, rather observed the entities as they legally stood). The only company named in this suit is Allstate Indemnity Company. The two policies asserted have been issued by separate entities; therefore the Allstate Indemnity Company Personal Umbrella Policy is the only policy relevant to the Court's inquiry.

The language in the Personal Umbrella Policy expressly states "[t]his policy provides only excess insurance. It does not contribute with any Required Underlying Insurance or other insurance which applies to an **occurrence**." Doc. #20-2 at 12 (emphasis in original). As a result, the definition of "insured person" from the Personal Umbrella Policy issued by Allstate Indemnity Company is the only definition relevant to the Court's interpretation analysis.

Ambiguity in a contract exists where there is "duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions." Burns, 303 S.W.3d at 509 (internal quotations omitted). In considering if the language is ambiguous, the Court will examine: (a) whether there is uncertainty in the meaning of the words used in the contract; (b) whether contract terms are reasonably subject to different interpretations; and (c) "if it is reasonably open to different constructions and the language used will be viewed in the meaning that would ordinarily be understood by the layman who bought and paid for the policy." Ritchie, 307 S.W.3d at 135; Krombach v. Mayflower Ins. Co., 827 S.W.2d 208, 210 (Mo. banc 1992); see also Am. Home Assurance Co. v. Pope, 591 F.3d 992, 999 (8th Cir. 2010).

4

However, the parties' disagreement regarding the meaning of the policy does not of itself give rise to an ambiguity. <u>Thornburgh Insulation, Inc. v. J.W. Terrill, Inc.</u>, 236 S.W.3d 651, 655 (Mo. Ct. App. 2007). The Court may not distort language of an unambiguous policy to create ambiguity. <u>Fire Ins. Exch. v. Horner</u>, 368 S.W.3d 214, 217 (Mo. Ct. App. 2012). "If a term within an insurance policy is clearly defined, the contract definition controls. . . ." <u>Thornburgh Insulation, Inc.</u>, 236 S.W.3d at 655 (internal quotation omitted). The Court need not apply rules of construction when a policy provision is clear and unambiguous. <u>Fire Ins. Exch.</u>, 368 S.W.3d at 217.

The definition of an "insured person" under the Allstate Indemnity Company Personal Umbrella Policy means "(a) **you**, and any other person who is named on the Policy Declarations; (b) any person related to **you** by blood, marriage or adoption who is a resident of **your** household; or (c) any dependent person in **your** care, if that person is a resident of **your** household." Doc. #20-2 at 11 (emphasis in original). The Court finds no ambiguity in the definition of "insured person" as set forth in the Personal Umbrella Policy. In applying this definition, Howard Wiebe is not named in the policy, he is not a resident of the named insureds' household, nor is he a dependent of the named insureds. Therefore, Howard Wiebe is not an "insured person" under the Personal Umbrella Policy.

## CONCLUSION

The Court finds the Allstate Indemnity Company Personal Umbrella Policy is the only policy applicable to this matter and finds the policy's definition of "insured person" is unambiguous. In applying the stated definition, Howard Wiebe does not constitute an "insured person." Thus, the Court shall enforce the insurance policy as written and finds in Plaintiff's favor. The Court has carefully considered the parties' arguments and finds no genuine issue of

material fact remains in dispute and Plaintiff is entitled to judgment as a matter of law. Accordingly, it is hereby

ORDERED Plaintiff's Motion for Summary Judgment (Doc. #19) is GRANTED. It is further

ORDERED Defendant's Motion for Summary Judgment (Doc. #18) is DENIED.

IT IS SO ORDERED.


DATED: <u>March 28, 2013</u>

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT